## Ondria v. Ondria

*Daniel L. McCarthy,* for plaintiff.

*Mindlin & Sigmon,* for defendant.

HENNINGER, P. J., June 3, 1957.—These parties, both now 46 years of age, were married civilly in 1932, which marriage was solemnized by their priest in 1936.

Both parties worked for their entire married life and despite two separations got along fairly well until 1941, when, in plaintiff's words, defendant bought an automobile.

Whatever the underlying cause may have been, defendant thereafter neglected his family, became abusive and associated with other women. The details of indignities are outlined in the master's excellent report and need not be repeated here.

The action was for a divorce a mensa et thoro, which was recommended by the master. Defendant filed numerous exceptions to the master's report. Despite the present turn of events, we have given the exceptions careful consideration and find no merit in them.

On April 8, 1957, two years after the master's report was filed recommending a divorce a mensa et thoro, plaintiff presented a petition asking leave to amend the prayer of the complaint, changing the cause of action from a divorce a mensa et thoro to one of absolute divorce. Defendant, undoubtedly delighted at the prospects of freedom without responsibility, joined in a stipulation that the amendment be allowed

and withdrew his exceptions to the master's report. We allowed the amendment.

Convinced as we are of the merits of plaintiff's case, the question remains whether such an amendment was properly allowed and whether an absolute divorce should be decreed without further testimony and upon the recommendation of a divorce a mensa et thoro.

It is questionable whether the amendment could have been allowed under section 25 of The Divorce Law of May 2, 1929, P. L. 1237, as amended by the Act of May 25, 1933, P. L. 1020, 23 PS §25, for in that section, amendment was allowed only for additional grounds or causes for divorce and not for an additional cause of action. Section 25 of The Divorce Law of 1929 was suspended by Pa. R. C. P. 1459 and has no present force.

When we turn to Pa. R. C. P. 1121 to 1135, relating to divorce, we find no provision for amendment, Furthermore, Pa. R. C. P. 1127, which permits pleading a cause for divorce alternately with one for annulment, forbids pleading a divorce from the bonds of matrimony in the same complaint with one for a divorce a mensa et thoro.

Anderson, in his Pennsylvania Civil Practice, vol. 3, p. 392, states that amendments in divorce proceedings are now governed by Pa. R. C. P. 1033 relating to amendments in actions in assumpsit, since Pa. R. C. P. 1121(b) applies to actions in divorce applicable rules for assumpsit actions.

When we turn to rule 1033 we find that amendment is permissible to ". . . change the form of action." Such amendment does not violate rule 1127 because the amendment substitutes the prayer for an absolute divorce for that of a divorce a mensa et thoro and there is at no time the alternative pleading forbidden by rule 1127.

The master, with his customary thoroughness and conscientious attention to his duties, has determined that the burden of proof is as great in a divorce a mensa et thoro as in an absolute divorce and has cited authority in support of that position: Arnold v. Arnold, 128 Pa. Superior Ct. 423, 424.

Since, therefore, the master has found that plaintiff is entitled to a divorce a mensa et thoro and since we have independently come to the same opinion, there would be no purpose in referring the case back to the master.

We find, therefore, that plaintiff is entitled to an absolute divorce on the grounds of indignities to the person.

Now, June 3, 1957, the master's findings of fact and conclusions of law are sustained and it is ordered and decreed that a divorce a vinculo matrimonii be granted.